CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 03, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **HARRY NIE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00319 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MITCHELL, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Harry Nie, Pro Se Plaintiff.*

The plaintiff filed this action under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by denying medical treatment, among other allegations. After Nie filed the Complaint in the United States District Court for the District of Columbia, the case was properly transferred to this court, considering that Nie has raised claims against defendants at Coffeewood Correctional Center, a prison facility located in the Western District of Virginia. Order, Dkt. No. 7.

Thereafter, on April 16, 2026, this court entered an Order conditionally filing the civil action pending satisfaction of certain requirements to be completed within thirty days. Order, Dkt. No. 9. By the same Order, Nie was directed to notify the court in writing immediately upon his transfer or release from his facility and provide

a new address. *Id.* at 3. He was warned that failure to notify the court of an address change would result in dismissal of the case. *Id.*

After Nie complied with initial requirements, the court entered a second Order on September 28, 2026, directing that he execute a consent to withholding of fees form in order to complete his application to proceed in forma pauperis, which would allow him to pay the filing fee in installments. Order, Dkt. No. 12. Nie was reminded of his responsibility to notify the court in writing immediately upon his transfer or release from his facility and provide a new address. *Id.* at 2. He was again warned that failure to do so would result in dismissal of the case.

The Clerk mailed the September 28, 2026, Order to the address Nie provided; however, the mailing was returned to the court on October 15, 2026. The returned mailing included a stamp stating, "INMATE NOT IN VADOC" and that no forwarding address was provided. Mail Ret., Dkt. No. 14. To date, no further correspondence has been received from Nie, and his deadline to comply with the court's September 28, 2026, Order has passed.

Without a current mailing address, the court cannot communicate with Nie regarding next steps in the litigation and the matter is prevented from proceeding. Accordingly, I conclude that Nie may have lost interest in prosecuting this action and will, therefore, dismiss it without prejudice. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b)

provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the Complaint will be dismissed without prejudice, and a separate Judgment will be entered.

ENTER: November 3, 2026

/s/ JAMES P. JONES
Senior United States District Judge